Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10606
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GEFFERI ALLEN,

                       CIVIL ACTION NO.

         PLAINTIFF,

                       **VERIFIED COMPLAINT**

V.

DEALERTRACK, INC., COX AUTOMOTIVE, INC.,
AND LORI WITTMAN,

         DEFENDANTS.

-----------------------------------------------------------------X

Plaintiff Gefferi Allen ("Mr. Allen" or "Plaintiff"), by and through his attorneys, Gaines,

Novick, Ponzini, Cossu & Venditti, LLP as for his Complaint in the action against Defendants,

DealerTrack, Inc., Cox Automotive, Inc., and Lori Wittman (collectively "Defendants" or

"Employers"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory, injunctive and equitable relief, as well as well as monetary
   damages, to redress Defendants' unlawful employment practices committed against Mr.
   Allen, including their unlawful discrimination and harassment committed against Mr.
   Allen in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.
   ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section
   1981"); the New York State Human Rights Law, New York Executive Law §§ 290 et seq.

(the "NYSHRL"), the Nassau County Human Rights Law, The Nassau County Administrative Code Title C-2 § 21-9.8 et seq. (the "NCHRL").

2. Over the past twelve (12) months, Defendants have repeatedly subjected Mr. Allen to unlawful discrimination and harassment because of his race and skin. Defendants have also denied Mr. Allen equal work facilities and promotional opportunities. Mr. Allen has complained about this and other discriminatory and harassing conduct to his employers but to no avail.

3. Defendants' conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr. Allen, which caused, and continues to cause, Mr. Allen to suffer substantial economic and non-economic damages, the loss of his career, detriment to his health, including but not limited to permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

### JURISDICTION AND VENUE

4. This court jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Allen's rights under Title VII and Section 1981. This Court has supplemental jurisdiction over Mr. Allen's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Mr. Allen were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendants' offices are located in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Mr. Allen resides in Bronx County in the State of New York.

8. Mr. Allen is a husband.

9. At all relevant times, Mr. Allen has met the definition of an "employee" under all applicable statutes.

10. At all relevant times, Defendants have met the definition of an "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

11. Mr. Allen has complied with all statutory prerequisites to his Title VII claims, having filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office in October of 2017 (Charge No. 520-2018-00449).

12. Mr. Allen's EEOC complaint was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

13. On or about November 17, 2017, the EEOC issued a right to sue letter and that letter was received on or about November 27, 2017.

14. This lawsuit has been filed within ninety (90) days of receipt of Mr. Allen's right to sue letter.

15. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

3

## FACTUAL ALLEGATIONS

### i. Background

16. Mr. Allen is a Black American man.

17. Mr. Allen is currently employed by Defendants.

18. In January of 2014, Mr. Allen entered a contractual relationship with Defendants to work as a Senior Agile Project Manager.

19. In September of 2014, following a successful nine (9) month consulting relationship with Defendants, Mr. Allen was hired as a Senior Project Manager.

20. In March of 2015, Mr. Allen was promoted to the position of Portfolio Manager.

21. For nearly three years, Mr. Allen worked very closely with the Senior Director of Business Operations, Hank Birkdale ("Mr. Birkdale").

22. During Mr. Allen's tenure with Defendants Mr. Allen performed many of the job responsibilities of the Senior Director of Business Operations because Mr. Birkdale entrusted Mr. Allen with many of his job responsibilities, and eventually Mr. Birkdale allowed Mr. Allen to perform those job functions without oversight.

23. In October of 2016, Mr. Birkdale resigned after finding another position with a different company.

### ii. Failure to Promote

24. After Mr. Birkdale's resignation, Mr. Allen made it known to his superiors that he was interested in applying for the position.

25. In December of 2016, after a careful review of the position's qualifications and responsibilities, and after encouragement from colleagues, Mr. Allen applied for the available position of Senior Director of Business Operations.

26. After Mr. Birkdale's resignation, Mr. Allen performed all of Mr. Birkdale's job functions exceptionally well.

27. During the time Mr. Allen applied for the position of Senior Director of Business Operations, a colleague of Mr. Allen's told him that the new General Manager, Lori Wittman, came from Missouri and would need time to get used to dealing with the ethnic diversity of people in the company and in New York, in general.

28. In January of 2017, Mr. Allen learned that he would not be promoted.

29. In fact, Mr. Allen was not even offered an interview.

30. In the spring of 2017, a less qualified white male, Tim Donker, was hired as the new Senior Director of Business Operations.

31. Early on it was clear to Mr. Allen and his colleagues that Mr. Donker was overwhelmed by the job responsibilities that came along with being the Senior Director of Business Operations, in effect, Mr. Donker was simply not qualified.

32. Mr. Donker constantly required Mr. Allen's assistance in performing some of the more basic of his job responsibilities.

33. In August of 2017, just four months into Mr. Donker's role as Senior Director of Business Operations and only days away from an important meeting that the company President was going to attend, Mr. Donker panicked and quit without notice.

34. After Mr. Donker's departure, Mr. Allen, once again, occupied the unofficial role of an interim Director, which required Mr. Allen to report directly to Mrs. Wittman.

35. In early-September of 2017, Mr. Allen, once again, inquired into the available Director position and expressed his interest in being promoted into the position.

36. Mrs. Wittman refused to acknowledge Mr. Allen's candidacy despite his being qualified.

5

37. In mid-September of 2017, Mrs. Wittman advised Mr. Allen that a colleague of his would be supervising his work, but that this colleague would not be promoted to Director.

38. Mrs. Wittman, however, still criticize Mr. Allen's work directly and required that Mr. Allen report directly to her.

39. This conduct is evidence that Mrs. Wittman never intended for a colleague to oversee Mr. Allen's work but was instead looking for an excuse not to promote Mr. Allen.

40. If Mr. Allen was White he would have been promoted to the position of Director.

### iii. Hostile Work Environment

41. After Mr. Donker's departure, in August of 2017, Mr. Allen, once again, occupied the unofficial role of an interim Director.

42. Assuming the responsibilities of the Director position, required Mr. Allen to report directly to Mrs. Wittman.

43. Mrs. Wittman was unjustifiably critical of Mr. Allen's work.

44. Mr. Allen's quality of work did not diminish from when he reported to Mr. Birkdale or to Mr. Donker.

45. Mrs. Wittman claimed to offer Mr. Allen constructive criticism, but it was not grounded on facts; instead, her criticism was motivated by the hostile feelings she harbored toward Mr. Allen because of his race and skin color.

46. When Mr. Allen explained his work or kindly corrected her false claims that he was not performing his job responsibilities, Mrs. Wittman ignore him.

47. Mrs. Wittman spoke to Mr. Allen in a very condescending manner to demean Mr. Allen, apparently Mrs. Wittman thought that Mr. Allen, as Black man, lacked the ability to understand difficult concepts and/or idea.

6

48. Every week Mr. Allen had to explain his actions to Mrs. Wittman, which caused undue stress, anxiety, and hardship for Mr. Allen.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

49. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

50. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color in violation of Title VII by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Allen the opportunity to work in an employment setting free of unlawful discrimination.

51. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Allen because of his race and color.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Allen is entitled to an award of compensatory damages.

53. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Allen is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF TITLE VII)

54. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

55. Defendants have retaliated against Plaintiff in violation of Title VII for complaining about Defendants' discriminatory practices directed toward him, subjecting Mr. Allen to acts of discrimination, harassment, humiliation and intimidation.

56. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mr. Allen has suffered, and continued to suffer, monetary and/or economic harm for which Mr. Allen is entitled to an award of monetary damages and other relief.

57. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

58. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

59. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and/or color by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working

8

conditions and denying Mr. Allen the opportunity to work in an employment setting free
of unlawful discrimination.

60. Defendants have discriminated against and harassed Mr. Allen on the basis of his race
and/or color in violation of Section 1981 by creating, fostering, accepting and ratifying
and/or otherwise failing to prevent or to remedy a hostile work environment that included,
among other things, severe and pervasive harassment of Mr. Allen because of his race
and/or color.

61. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in
violation of Section 1981, Mr. Allen has suffered, and continue to suffer, monetary and/or
economic damages including, but not limited to, loss of past and future income,
compensation and benefits for which he is entitled to an award of monetary damages and
other relief.

62. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in
violation of Section 1981, Mr. Allen has suffered and continues to suffer severe mental
anguish and emotional distress, including but not limited to depression, humiliation,
embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain
and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of
monetary damages and other relief.

63. Defendants' unlawful and discriminatory actions constitute malicious, willful and wonton
violations of Section 1981 for which Mr. Allen is entitled to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

64. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of
the preceding paragraphs as if fully set forth herein.

9

65. Defendants have retaliated against and harassed Mr. Allen in violation of Section 1981 for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Allen to acts of discrimination, harassment, humiliation and intimidation.

66. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Mr. Allen has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

67. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

68. Defendants' unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Allen is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

69. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

70. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color in violation of the NYSHRL by denying him the same terms and conditions of employment available to employees who are not black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

71. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color, in violations of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Allen because of his race and color.

72. As a direct result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

73. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of compensatory damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF THE NYSHRL)

74. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

75. Defendants have retaliated against and harassed Mr. Allen in violation of the Nassau County Human Rights Law for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Allen to acts of discrimination, harassment, humiliation and intimidation.

76. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or

economic damages for which he is entitled to an award of monetary damages and other relief.

77. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (DISCRIMINATION AND HARASSMENT IN VIOLATION OF NYCHRL)

78. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

79. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color in violation of the NYCHRL by denying him the same terms and conditions of employment available to employees who are not Black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

80. Defendants have discriminated against and harassed Mr. Allen on the basis of his race and color, in violations of the NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Allen because of his race and color.

81. As a direct result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic

12

harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

82. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of compensatory damages.

83. Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYCHRL for which Mr. Allen is entitled to an award of punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF NCHRL)

84. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

85. Defendants have retaliated against and harassed Mr. Allen in violation of the NCHRL for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Allen to acts of discrimination, harassment, humiliation and intimidation.

86. Defendants have retaliated against and harassed Mr. Allen in violation of the NCHRL for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Allen to acts of discrimination, harassment, humiliation and intimidation.

87. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NCHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

88. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NCHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

89. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton, violations of the NCHRL for which Mr. Allen is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
## (NEGLIGENT HIRING, RETENTION AND SUPERVISION)

90. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

91. Defendants have violated their duty as Mr. Allen's employer by, among other things, denying him an opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Mr. Allen's co-workers and supervisors, by failing to reasonably supervise Mr. Allen's co-workers and supervisors and by failing and refusing to investigate and/or take appropriate disciplinary or other actions in response to Mr. Allen's repeated complaints of discriminatory and harassing conduct by Mr. Allen's co-workers and/or supervisors on the basis of his race and color, which resulted in, among other things,

14

physical injury to Mr. Allen. Defendants had actual knowledge of the undue risk of harm to which they were thereby exposing Mr. Allen based on complaints to his supervisors.

92. As a direct and proximate result of Defendants' breach of duty to supervise, Mr. Allen has been injured and has incurred damages thereby.

## AS AND FOR A TENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF TITLE VII)

93. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

94. Defendants violated Mr. Allen's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

95. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

96. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1981)

97. Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

15

98. Defendants violated Mr. Allen's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

99. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

100.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NYSHRL)

101.    Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

102.    Defendants violated Mr. Allen's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

103.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

104.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Allen has suffered, and continues to suffer, severe mental

16

anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NCHRL)

105.     Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

106.     Defendants violated Mr. Allen's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

107.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NCHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

108.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NCHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF TITLE VII)

109.     Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

17

110.     Defendants violated Mr. Allen's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

111.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

112.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

### AS AND FOR FIFTEENTH CAUSE OF ACTION
### DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF 42 U.S.C. § 1981)

113.     Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

114.     Defendants violated Mr. Allen's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

115.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

116.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Allen has suffered, and continues to suffer, severe

mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF NYSHRL)

117.    Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

118.    Defendants violated Mr. Allen's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

119.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

120.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF NCHRL)

121.    Mr. Allen hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

19

122.     Defendants violated Mr. Allen's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

123.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Allen has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Allen is entitled to an award of damages.

124.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Allen has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Allen is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Allen prays that the Court enter a judgment in his favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the law of the United States of America, the State of New York, and the City of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.     An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Allen's employment and personal life;

D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Allen for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.     An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Allen for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Allen in an amount to be determined at trial, plus prejudgment interest;

G.     An award of punitive damages;

H.     An award of costs that Mr. Allen has incurred in this action, as well as Mr. Allen's reasonable attorneys' fees to the fullest extent permitted by law; and

I.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
       February 26, 2018

Respectfully submitted,

GAINES, NOVICK,
PONZINI, COSSU & VENDITTI, LLP

Jaazaniah Asahguii, Esq.
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
*Attorneys for Plaintiff*

21